IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIGHT FALODUN, :
:
    Plaintiff, : CIVIL NO. 4:09-CV-0406
:
v. : (Judge Jones)
:
MICHAEL G. OLSON, *et al.*, :
:
    Defendants. :

## MEMORANDUM AND ORDER

June 16, 2009

Plaintiff Bright Falodun ("Plaintiff" or "Falodun"), an inmate confined at the United States Penitentiary at Allenwood ("USP Allenwood") in White Deer, Pennsylvania, initiated this action by filing a Complaint raising claims under 42 U.S.C. § 1983.[1]

Plaintiff has requested leave to proceed *in forma pauperis*, and thus the case is before the Court for screening under 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss Plaintiff's Complaint pursuant to 28 U.S.C.

---

[1] Although Plaintiff states in his Complaint that he seeks to pursue his claims under 42 U.S.C. § 1983, because he is a federal inmate, his case was docketed as an action pursuant to 28 U.S.C. §1331.

§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. However, dismissal will be without prejudice, and Plaintiff will be granted twenty (20) days within which to file an amended complaint.

## I. BACKGROUND

In his Complaint, Falodun alleges that, on August 20, 2002, the United States Citizenship and Immigration Services ("USCIS") initiated proceedings to cancel his certificate of citizenship "based on fraudulent information provided by a witness, Ann Broughton, who was under a criminal investigation." (Doc. 1 at 1.) He alleges that the USCIS ultimately succeeded in canceling his certificate of citizenship. (*Id.*) Falodun claims that his timely appeal from the revocation of his certificate of citizenship was dismissed, and that on March 29, 2004, the USCIS issued a Cancellation of Certificate of Citizenship pursuant to 8 U.S.C. § 1453. (*Id.*)

In the caption of his Complaint, Falodun names the following individuals as Defendants: Michael G. Olson, Thomas Boyle, Curtis J. Aljets, Donald J. Monra, Robert P. Wiemann, and the United States of America. (*Id.*) In a section of his Complaint entitled "Argument," Falodun alleges that Defendants' "participation in the cancellation of his United States citizenship has violated his constitutional rights and caused him pain and suffering." (*Id.* at 2.) He claims that USCIS lacks

2

jurisdiction to institute denaturalization proceedings against him and therefore could not cancel his United States citizenship. (*Id.*) He alleges that his due process rights were violated because he did not have an opportunity to present evidence in support of his claim and therefore, was denied the right to confront the evidence and witnesses against him. (*Id.*)

Falodun also alleges that his adoption by Williams Falodun was legal and proper and that Victor Falodun was his natural father who died in 1983. (*Id.*) He asserts that the United States District Court should not have relied on the testimony of Williams Falodun's wife, Ann Broughton, as to Plaintiff's parentage without providing Plaintiff the opportunity to confront Broughton in court, and that the denial of this opportunity violated his right to due process. (*Id.*) Falodun then claims that this Court has jurisdiction under 42 U.S.C. § 1983 to entertain this action against Defendants "charging violation of civil rights, abuse of the due process clause, judicial misconduct, and the improper siezure [*sic*] of his citizenship certificate." (*Id.*) Falodun seeks $4 million in damages "for pain and suffering caused by the actions of the defendants," which includes awards to his family members. (*Id.* at 3.)

## II. DISCUSSION

### A. Standard of Review

Title 28 U.S.C. § 1915(e)(2)(B) states that, where a plaintiff is granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B)(ii), a court applies the same standard as that used when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding

a motion to dismiss." *Evancho v. Fischer*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

### B. Screening of Falodun's Claims

Falodun states that he seeks to pursue his claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

As to the first element, Falodun has failed to sufficiently identify Defendants by providing their official positions and places of employment. He merely provides their names in the caption of his Complaint. Therefore, it is not possible to ascertain whether they were persons acting under color of state law. Moreover, because Falodun only has stated general allegations against Defendants collectively and has not made specific allegations against any one of them, he has failed to plead that any Defendant's conduct deprived him of a constitutional right.

5

Similarly, to the extent Defendants are federal officials and Falodun seeks to bring his claims against them under *Bivens*[2], he has failed to state a claim. To state a *Bivens* claim, Falodun must allege (1) a constitutional deprivation caused by the exercise of some right or privilege created by the federal government, and (2) the party responsible for the action must be fairly considered a federal actor. *See McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469, 473 (E.D. Pa. 2006) (citations omitted). Falodun also fails to meet these requirements as a result of his failure to provide specific allegations against each Defendant and to provide identifying information about Defendants. Because he has failed to state a claim, his Complaint will be dismissed.

In the interests of justice to this *pro se* litigant, however, dismissal of the Complaint will be without prejudice. Falodun will be granted twenty (20) days within which to submit an amended complaint in accordance with the foregoing discussion.

---

[2]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

In preparing his amended complaint, Falodun is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho*, 423 F.3d at 350.

To meet the standards set forth in Rule 8, the amended complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, Civil No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. 2006).

In addition, Falodun is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). Falodun also is advised that, if he fails to file an appropriate amended complaint adhering to the standards set forth above within the applicable time period, this case will be dismissed with prejudice and closed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for leave to proceed *in forma pauperis* (Doc. 7) is construed as a motion to proceed without full prepayment of fees and costs, and the motion is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Within twenty (20) days from the date of this Order, Plaintiff may file an amended complaint.

4. Failure to file an amended complaint will result in the dismissal of this action, without prejudice.

　　　　　　　　　　　　　　　　　/s/ John E. Jones III
　　　　　　　　　　　　　　　　　John E. Jones III
　　　　　　　　　　　　　　　　　United States District Judge