IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIGHT FALODUN,                           :
                                          :
         Plaintiff,                       :     CIVIL NO. 4:09-CV-0406
                                          :
    v.                                    :     Hon. John E. Jones III
                                          :
MICHAEL G. OLSON, *et al.*,               :
                                          :
         Defendants.                      :

# MEMORANDUM

March 8, 2011

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This *pro se Bivens*[1] action was initiated by Plaintiff Bright Falodun ("Plaintiff" or "Falodun"), an inmate confined at the United States Penitentiary at Allenwood ("USP Allenwood") in White Deer, Pennsylvania. This case is proceeding on Plaintiff's Second Amended Complaint. (Doc. 18.)

Presently before the Court is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed on behalf of all Defendants. (Doc. 28.) For the reasons

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

set forth herein, the Motion will be treated solely as a Motion to Dismiss under the provisions of Federal Rule of Civil Procedure 12(b)(6), and the Motion will be granted.

## I.    PROCEDURAL BACKGROUND

Falodun initiated this action by filing a Complaint on March 5, 2009. (Doc. 1.) Upon screening the Complaint under the provisions of 28 U.S.C. § 1915, it was evident that Falodun failed to provide information to sufficiently identify Defendants, as well as specific allegations against each of them, and therefore, by Memorandum and Order dated June 16, 2009, his Complaint was dismissed for failure to state a claim. (Doc. 10.) However, in light of his *pro se* status, the dismissal was without prejudice to Falodun's ability to file an amended complaint within twenty (20) days. (*Id.*)

Following an extension of time, on September 2, 2009, Falodun filed an Amended Complaint. (Doc. 14.) The Amended Complaint also failed to state a claim upon which relief may be granted, and therefore, by Order dated December 14, 2009, Falodun was given a final opportunity to file an amended complaint within twenty-one (21) days. (Doc. 17.) Service of Falodun's Second Amended Complaint (Doc. 18), filed on January 7, 2010, was directed by Order dated March 11, 2010 (Doc. 19).

After requesting an extension of time, which was granted, on July 23, 2010, the instant Motion to Dismiss, or in the alternative, Motion for Summary Judgment, was filed on behalf of all Defendants. (Doc. 28.) On July 29, 2010, Falodun filed a document entitled "Objection to Government Response." (Doc. 29.) Following a request for an extension of time, which was granted, on August 17, 2010, Defendants filed a supporting brief (Doc. 33), a statement of material facts (Doc. 32), and supporting exhibits (Doc. 32-2). Falodun filed his opposition brief (Doc. 34) on August 20, 2010. On August 30, 2010, Defendants filed a reply brief (Doc. 35). Accordingly, the instant Motion is fully briefed and ripe for review.[2]

## II. ALLEGATIONS OF SECOND AMENDED COMPLAINT

Falodun identifies the Defendants to this action as follows in his Second Amended Complaint: (1) Michael G. Olson, Special Agent for the United States Secret Service; (2) Thomas Boyle, Special Agent for the United States Department of Homeland Security Immigration and Naturalization Services ("INS"); (3) Curtis J. Aljets, INS District Director; (4) Donald J. Monica (misidentified as Donald J.

---

[2]Two (2) months after the instant Motion became ripe for review, on November 1, 2010, Falodun filed a document entitled "Rebuttal to Reply Brief." (Doc. 36.) Middle District of Pennsylvania Local Rule ("LR") 7.7 provides that, "A brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court." Falodun did not seek leave of court before submitting his rebuttal, and thus, it has not been reviewed or considered in ruling on the instant Motion.

3

"Monra"), INS District Director; (5) Robert P. Wiemann[3], INS Administrative Appeals Office Director; (6) Douglas Sabins (misidentified as Douglas "Salins"), INS Acting Assistant Field Office Director; (7) Michael Foote, United States Immigration and Customs Enforcement ("ICE") Agent; and (8) an Unknown Examiner employed by INS.[4]

In his Second Amended Complaint, Falodun alleges generally that, "[a]s a direct and proximate result of the acts of the defendants . . . [he] lost his Certificate of Citizenship, his natural rest and sleep, suffered pain and emotional trauma, depression, anxiety and ultimately lost his natural status." (Doc. 18 at 4 ¶ 19.)

He also alleges that Defendants Monica, Sabins, and Aljets each knew that he had a right to a revocation hearing pursuant to 8 C.F.R. §§ 342.4, 342.5, and that each of them "did knowingly and intentionally with bad purpose and ill motive embark

---

[3] A Suggestion of Death (Doc. 27) was filed as to Defendant Weimann on July 23, 2010, and thus, pursuant to Federal Rule of Civil Procedure 25(a), Plaintiff's claim against him is extinguished.

[4] Fictitious names may be used to identify defendants until reasonable discovery permits actual defendants to assume their places, but John and Jane Doe defendants eventually must be dismissed if discovery yields no identities. *See Parker v. United States,* 197 Fed. Appx. 171, 173 n. 1 (3d Cir. 2006); *Aponte v. Karnes,* 2008 WL 360879, at *1 n. 1 (M.D. Pa. Feb. 8, 2008); *Smith v. Lucas,* 2007 WL 1575231, at *8 (M.D. Pa. May 31, 2007). In the instant case, Falodun did not seek additional time to conduct discovery to attempt to ascertain the identity of the "Unknown Examiner" Defendant, nor did he seek to amend his complaint to identify this individual. Accordingly, the Court will dismiss the "Unknown Examiner" Defendant without prejudice pursuant to Fed. R. Civ. P. 21. *See K.K. ex rel Knowles v. Weeks,* 2007 WL 1455888, at *5 (M.D. Pa. May 15, 2007).

upon Plaintiff's rights to procedural due process when they denied him the right to be heard and call witnesses, and confront any adverse witness against him, thereby denying his Fifth Amendment rights." (*Id.* ¶ 16.) He avers that, on April 21, 2003, Defendants Aljets and Monica "adopted the Examiner's recommendation and denied Plaintiff his Due Process Procedural rights." (*Id.* at 2 ¶¶ 12, 13.) He alleges that Defendant Sabins "while acting in his official capacity on June 3, 2009, [ ] adopted the Examiner's recommendation and denied Plaintiff his Due Process Procedural rights." (*Id.* at 3 ¶ 15.)

In addition, Falodun alleges that Defendants Aljets, Olson, Boyle, and Foote "knew or should have known their actions are criminal in nature" and that "each of them knowingly and intentionally with bad purpose and evil motive gave inflamatory [*sic*]; slanderous, false statements on Government documents." (*Id.* at 5 ¶ 17.) Falodun avers that, on January 15, 2002, Defendants Olson and Boyle made "false written statements and gave fraudulent information." (*Id.* at 2 ¶¶ 10-12.)

Falodun also alleges that, on August 20, 2002, an Unknown Examiner denied his right to procedural due process "by not permitting Plaintiff to defend and call witnesses in his behalf, and not having Plaintiff attend the hearing." (*Id.* ¶ 16.)

As relief, Falodun requests $5,000,000 from each Defendant, as well as

5

$10,000,000 in punitive damages and costs, and he demands either a jury trial or a declaratory judgment. (*Id.* at 4 ¶ 20.)

## III. STANDARD OF REVIEW

Defendants have styled the instant Motion as seeking dismissal either for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or for failure to state a claim pursuant to Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56.

Defendants argue that Falodun's Second Amended Complaint should be dismissed pursuant to Rule 12(b)(1) because he commenced this action outside of the statute of limitations applicable to his claims. However, as more fully set forth below, with the exception of his claims against Defendants Sabins and Foote, it is evident from the face of Falodun's Second Amended Complaint that his claims are barred by the statute of limitations. Thus, the controlling law of this Circuit permits Defendants to raise the limitations defense through a Rule 12(b)(6) motion. *See Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002) (holding that the "Third Circuit Rule" permits a limitations defense to be raised in a Rule 12(b)(6) motion if the time alleged in the statement of claim shows that the cause of action was not brought within the statute of limitations).

As to Defendant Sabins, the date Falodun identifies in connection with his

6

allegation against him (June 3, 2009) is within the applicable statute of limitations; as to Defendant Foote, Falodun does not provide a date in connection with his allegation. Therefore, it is unclear on the face of the Second Amended Complaint whether Falodun's claims against these Defendants are barred by the applicable statute of limitations. Nevertheless, it is evident on the face of the pleading that Falodun has failed to state a claim upon which relief may be granted against Defendants Sabins and Foote.

Accordingly, we shall treat the instant Motion as a Rule 12(b)(6) Motion as to the claims against all Defendants. We are guided by the following standard in ruling on the instant Motion:

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal,* 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal,* a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly,* 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal,* 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the ... complaint-the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id* .

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly,* 127 S.Ct. 1964-65, 1969 n. 8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## IV. DISCUSSION

### A. Defendants Olson, Boyle, Aljets, and Monica

Falodun alleges generally that all of the Defendants violated his constitutional rights in proceedings that led to the cancellation of his certificate of citizenship. (Doc. 18 at 4 ¶¶ 18-19.) He more specifically alleges that, on January 15, 2002, Defendants Olson and Boyle made "false written statements and gave fraudulent information." (Doc. 18 at 2 ¶¶ 10-12.) He also alleges that, on April 21, 2003, Defendants Aljets and Monica "adopted the Examiner's recommendation and denied Plaintiff his Due Process Procedural rights." (*Id.* ¶¶ 12, 13.)

Defendants have asserted that the instant action was filed outside the applicable statute of limitations. In a *Bivens* action, the district court utilizes the appropriate state statute of limitations which governs personal injury actions. *See Wallace v. Kato*, 549

9

U.S. 384, 387-88 (2007); *Urrutia v. Harrisburg Cnty. Police Dept.,* 91 F.3d 451, 457 n.9 (3d Cir. 1996). Pennsylvania's applicable personal injury statute of limitations is two (2) years. *See* 42 Pa. Cons. Stat. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). A cause of action accrues when a plaintiff knew or should have known he was harmed. *See Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The limitations period begins to run if a plaintiff has sufficient notice to place him on alert of the need to begin investigating. *Gordon v. Lowell*, 95 F. Supp. 2d 264, 272 (E.D. Pa. 2000). Under *Gordon*, a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Id.*

In the instant case, Falodun alleges generally in his Second Amended Complaint that all of the Defendants violated his constitutional rights in proceedings that led to the revocation of his citizenship. (*See* Doc. 18 at 4 ¶¶ 18-19.) Thus, pursuant to the foregoing framework, his central claim would have accrued on the date that he "knew or should have known" that his citizenship was revoked, and he would have had two (2) years from that date to bring his claims against Defendants stemming from their actions during his citizenship certificate revocation proceedings. *See* 42 Pa. Cons. Stat. § 5524(7); *Kost*, 1 F.3d at 190; *Sameric*, 142 F.3d at 599.

Falodun alleges that Defendants Boyle, Olson, Aljets, and Monica took actions

10

on January 15, 2002 and April 21, 2003 during the proceedings that led to the cancellation of his certificate of citizenship.  Although Falodun does not allege in his Second Amended Complaint the date that his certificate of citizenship was cancelled, he does allege that a final decision reviewing the recommendation to cancel his certificate was issued on March 29, 2004.  (*See id.* at 3 ¶ 14.)  Even though it is apparent from Falodun's allegation that the cancellation of his certificate occurred on some date prior to March 29, 2004, even assuming Falodun was not aware that his citizenship had been revoked until March 29, 2004, he would have had until March 29, 2006 to commence the instant action.  He filed this action nearly three (3) years after the expiration of the applicable statute of limitations, on March 5, 2009.  Thus, on the face of his Second Amended Complaint, Falodun's claims against Defendants Boyle, Olson, Aljets, and Monica relating to actions they allegedly took during the proceedings that led  to the revocation of his certificate of citizenship are time barred and must be dismissed.

In opposing the instant Motion, Falodun asserts that the instant action is not barred by the applicable statute of limitations because this Court unambiguously authorized him to amend his original Complaint. (See Doc. 34, Opposition Brief, ¶ 1.)  However, Falodun was granted leave to file an amended complaint because he

had not provided sufficient information in his original Complaint either to identify Defendants or the claims against each of them, and thus it was necessary to require him to amend so as to provide notice to Defendants of the claims against them. Defendants then appropriately raised the statute of limitations through the instant Motion filed in response to the Second Amended Complaint.

### B.  Defendants Sabins and Foote

Falodun alleges that, on June 3, 2009, Defendant Sabins violated his right to due process by adopting the examiner's recommendation regarding the cancellation of his certificate of citizenship. (Doc. 18 at 3 ¶ 15.)  Accepting Falodun's allegation as true that Sabins reviewed the recommendation over five (5) years after a final decision upholding that recommendation already had been issued by Weimann (*see id.* ¶ 14), Falodun fails to allege specific facts as to the actions Sabins took to violate his constitutional rights.  His claim that Sabins violated his right to due process, without specific facts to support that claim, amounts to a "legal conclusion" and thus is "not entitled to the assumption of truth" in resolving the instant Motion.  *See Iqbal*, 129 S. Ct. at 1950.  As a result, Falodun has failed to state a claim upon which relief may be granted against Sabins.

As to Defendant Foote, Falodun alleges that Foote gave fraudulent testimony

(*see* Doc. 18 at 3 ¶ 17), but fails to allege a date on which he gave the allegedly fraudulent testimony and also to provide any factual allegations to support his claim that the testimony violated his constitutional rights.  Falodun's omission of facts in support of his claim against Foote results in a failure to "raise his right to relief above the speculative level", *see Twombly*, 550 U.S. at 555, and thus, he has failed to state a plausible claim for relief.  Consequently, we must dismiss Falodun's claims against Defendants Sabins and Foote for failure to state a claim upon which relief may be granted.

In dismissing Falodun's claims, we are mindful of the fact that *pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint even when they do not seek leave to do so, "unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).  In the instant case, where it is evident on the face of Falodun's Second Amended Complaint that his claims against Defendants Olson, Boyle, Aljets, and Monica are barred by the applicable statute of limitations,

amendment of these claims would be futile.  Moreover, where Falodun already has been given two (2) opportunities to amend his Complaint, and nevertheless has been unable to allege sufficient facts to state a claim upon which relief may be granted against Defendants Sabins and Foote, it also is apparent that allowing leave to amend would be futile.  Accordingly, Falodun's Second Amended Complaint will be dismissed with prejudice.

**V.    CONCLUSION**

For the foregoing reasons, the Motion to Dismiss, or in the alternative, Motion Summary Judgment, which has been treated solely as a Motion to Dismiss, will be granted.  An appropriate Order shall issue on today's date.